| | | |
|---|---|---|
| Mr. Melvin Brown | * | IN THE UNITED STATES |
| 3701 Twin Lake Court, Apt. 505e | * | |
| Baltimore, MD 21244 | * | DISTRICT COURT |
| | * | |
| Plaintiff | * | FOR |
| | * | |
| v. | * | MARYLAND |
| | * | |
| | * | AT BALTIMORE |
| Pfizer Inc. | * | |
| 235 East 42nd Street | * | |
| New York, NY 10017 | * | |
| | * | |
| Serve: The Corporation Trust Inc. | * | |
| 300 E. Lombard St. | * | |
| Baltimore, MD 21202 | * | |
| | * | CLAIM NO.: |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COME NOW the plaintiff, Melvin Brown, by and through counsel, Paul A. Weykamp and the law offices of Paul A. Weykamp, and brings suit against the defendant, Pfizer Inc., and for good cause states:

### PARTIES, JURISDICTION, AND VENUE

1.      The plaintiff, Melvin Brown, at all times relevant hereto, has resided in Baltimore, MD, and took the drug CELEBREX® at points in time between 2000 and 2005. As used herein, "plaintiff" shall refer to Melvin Brown unless specifically noted otherwise.

2.      Defendant, Pfizer, Inc., a Delaware corporation, authorized to do and doing business in the State of Maryland, with its principal place of business in New York, has committed a tort within the State of

1

Maryland and may be served with process of this Court in accordance with Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service of process.

4.    This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and because this action is brought by an individual who is a citizen of a state other than that of the Defendant.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391. Plaintiff purchased the products that form the basis of this lawsuit in the State of Maryland. At all relevant times herein, Pfizer, Inc. was in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX®. Pfizer, Inc. at all times relevant hereto designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce the aforementioned prescription drug.  Pfizer, Inc. does substantial business in the State of Maryland and within this Federal District, advertises in this district, received substantial compensation and profits from sales of CELEBREX® in this district, and made material omissions and misrepresentations and breaches of warranties in this district. All conditions precedent have been performed or have occurred. Fed. R. Civ. Proc. 9(c).

**FACTUAL ALLEGATIONS**

6.    Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX®. Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold CELEBREX® in the State of Maryland.

7.    Plaintiff, ingested CELEBREX® as prescribed and as a result thereof, suffered a Stroke.

8. At all times relevant herein, Plaintiff was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

9. The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as CELEBREX®.

10. CELEBREX® is in a class of drugs called non-steroidal anti-inflammatory drugs. It was approved by the Food and Drug Administration for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults.

11. Pfizer, Inc. originally refused to withdraw CELEBREX® from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of CELEBREX®.

12. Defendant materially breached its obligations to consumers, such as the Plaintiff, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of CELEBREX®.

13. Defendant expressly and/or impliedly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that CELEBREX® was safe, effective, fit and proper for its intended use.

14. Defendant was aware of the substantial risks of taking CELEBREX® but failed to fully disclose.

15. Defendant failed to meet the applicable standards of care, which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant liable for the Plaintiff's injuries.

## COUNT I: NEGLIGENCE

16. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

17. Defendant Pfizer and its representatives were merchants or sellers of CELEBREX®.

18. Despite the fact that Defendant Pfizer knew, or should have known that CELEBREX® could cause unreasonable injurious results and/or death to Plaintiff, the Defendant continued to market, distribute, and sell CELEBREX® to the public.

19. Defendant Pfizer knew, or should have known that consumers, such as Plaintiff, would foreseeably suffer injuries and/or death as a result of Defendant Pfizer's failure to exercise ordinary care as described above. Moreover, after Defendant Pfizer became aware of the serious risks of ingesting CELEBREX®, it owed a legal duty to Plaintiff, and the general public, to disclose that knowledge. Defendant Pfizer's breach of its duty to disclose this information was a proximate cause of the injuries to the Plaintiff.

20. As a direct and proximate result of the negligence and breach of Defendant Pfizer, Plaintiff sustained a Stroke. Defendant Pfizer owed a duty to Plaintiff to use reasonable care in its actions. Defendant Pfizer's failure to use reasonable care proximately caused Plaintiff's injuries, including medical expenses, lost wages, physical and mental pain, suffering and anguish. The Plaintiff became aware of the dangers of CELEBREX® in 2005 after the national recall of the drug.

WHEREFORE, the Plaintiff, Melvin Brown, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT II: STRICT PRODUCTS LIABILITY

21.     The Plaintiff adopts and re-alleges paragraphs above as if fully set forth herein.

22.     CELEBREX®, as designed, manufactured, sold and/or supplied by Defendant Pfizer, was placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition taking into consideration the utility of the product and the risks involved with the drug's use.

23.     Further, CELEBREX®, as designed, manufactured, distributed, sold and/or supplied by Defendant, was defective in marketing due to inadequate warnings, instructions, and/or labeling.

24.     CELEBREX®, as designed, manufactured, distributed, marketed, sold and/or supplied was defective due to inadequate testing.

25.     CELEBREX® was defective in design and/or formulation in that, when it left the hands of Defendant and/or its representative, agents or assignees, the foreseeable risks of serious harm posed by this drug far exceeded its alleged benefits. The foreseeable risks of serious harm were so that Plaintiff and the general public, having known of such foreseeable risks and alleged benefits, would not have ingested CELEBREX®.

26.     CELEBREX® was also defective due to inadequate warnings and misrepresentations to healthcare professionals. Defendant knew that had healthcare professionals been adequately warned of the serious risks of injury to their patients, healthcare professionals would not have prescribed CELEBREX® to patients.

27.     CELEBREX® was defective due to inadequate testing both before and after Defendant became aware of the risks of ingesting the drug.

28.     As the producing and direct cause and legal result of the design defect and/or the marketing defect due to the Defendant's failure to warn consumers, as well as the defective condition of the drug as

manufactured and supplied by Defendant and its representatives, Plaintiff suffered injuries and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Melvin Brown, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT III: FRAUD

29.     The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

30.     Defendant Pfizer fraudulently represented to the general public, as well as healthcare professionals, that CELEBREX® was a safe and effective drug. Defendant Pfizer made this representation while knowing that, if healthcare professionals and consumers knew of the serious risks associated with the ingestion of the CELEBREX® drug, they would not prescribe and/or ingest this drug. Defendant Pfizer knew its representations to be false, and Plaintiff relied on Defendant Pfizer's false representations in ingesting CELEBREX®. These fraudulent representations by Defendant Pfizer were proximate cause of Plaintiff's injuries enumerated in paragraph 20 above.

WHEREFORE, the Plaintiff, Melvin Brown, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00 and $80,000,000.00 in punitive damages.

## COUNT IV: NEGLIGENT MISREPRESENTATIONS

31.     The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

32.     Defendant Pfizer represented and marketed the CELEBREX® drug as being safe and effective. After Defendant Pfizer became aware of the risk of ingesting CELEBREX®, however, Defendant Pfizer failed to communicate to Plaintiff and/or the general public, that the ingestion of this drug could cause a person to suffer a Stroke, or that the CELEBREX® drug could cause a Heart Attack to the person ingesting the drug.

33.     Therefore, Plaintiff brings this cause of action against Defendant Pfizer under the theory of negligent misrepresentation for the following reasons:

a) The Plaintiff incorporates all facts and allegations previously stated in this Complaint;

b) Defendant Pfizer failed to warn Plaintiff, and other consumers, of the defective condition of the CELEBREX®, as manufactured and/or supplied by Defendant Pfizer;

c) Defendant Pfizer, individually, and through its agents, representatives, distributors and/or employees, negligently misrepresented material facts about CELEBREX® in that they made such misrepresentations when they knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendant Pfizer made such misrepresentations, without exercising reasonable care to ascertain the accuracy of these representations;

d) The above misrepresentations were made to Plaintiff, as well as the general public;

e) Plaintiff and his healthcare provider justifiably relied on Defendant Pfizer's misrepresentations; and

f) Consequently ingestion of CELEBREX® was to Plaintiff's detriment.

34.     As a direct and proximate result of the fraudulent acts and omissions, and misrepresentation of Defendant Pfizer, Plaintiff suffered significant and ongoing injury and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Melvin Brown, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT V: EXPRESSED WARRANTY FOR GOODS

35. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

36. Defendant Pfizer breached its express warranty of goods. Defendant Pfizer was a merchant and/or seller of the CELEBREX drug. Defendant Pfizer sold this drug to consumers for the ordinary purpose for which such drugs are used by consumers. Defendant Pfizer owed a legal duty to Plaintiff and the public in general, to disclose its knowledge of the serious risks of ingesting the CELEBREX drug as marketed. As a direct and proximate result of Defendant's breach of warranties, Plaintiff was injured and suffered special, general and compensatory damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Melvin Brown, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT VI: IMPLIED WARRANTY
#### A. WARRANTY OF MERCHANTABILITY.

37. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

38. Defendant Pfizer breached its implied warranty of merchantability. Defendant Pfizer was a merchant and/or seller of the Celebrex drug. Defendant Pfizer sold this drug to Plaintiff, and other

consumers, for the ordinary purpose for which such drug is used by consumers. Celebrex was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such drugs are used.

39.     As a direct and proximate result of the defect or defects of the drug, Plaintiff suffered significant and ongoing injury and damages as set forth in paragraph 20 above.

### B. WARRANTY OF FITNESS.

40. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein, and further allege:

41.     Defendant Pfizer breached its implied warranty of fitness. Defendant Pfizer sold Celebrex drug, and, at the time of the sale of this drug, Defendant Pfizer knew or had reason to know of a particular purpose for which the drug was to be used. At the time of the sale of the drug to Plaintiff, Defendant Pfizer knew, or had reason to know, that Plaintiff was relying on the skill and judgment of Defendant Pfizer to select or furnish a suitable product for the intended purpose. At the time of sale of the drug to Plaintiff, Defendant Pfizer exercised its skill and judgment in the selection of this drug as safe and effective, and Plaintiff relied thereon. Celebrex was not reasonably fit and/or suitable for the use for which it was selected.

42.     Failure of Defendant Pfizer to select and sell a product which, was reasonably safe for its intended use, proximately caused Plaintiff's injuries as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Melvin Brown, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT VII: UNJUST ENRICHMENT

43.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

44. Defendant Pfizer accepted payment from Plaintiff for the purchase of Celebrex**.**

45. Plaintiff did not receive a safe and effective drug for which Plaintiff paid.

46. It would not be equitable for Defendant Pfizer to retain this money because Plaintiff did not, in fact, receive a safe and efficacious drug.

WHEREFORE, the Plaintiff, Melvin Brown, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of Plaintiff's prescription drug.

Respectfully submitted,

THE LAW OFFICES OF PAUL A. WEYKAMP

BY_____

Paul A. Weykamp
Suite 2
16 Stenersen Lanes
Hunt Valley, MD 21030
Telephone: (410) 584-0660
Email: pweykamp@Weykamplaw.com
Attorneys for Plaintiff

**PRAYER FOR TRIAL BY JURY**

The Plaintiff prays for a trial by jury on all issues presented herein.

_____
Paul A. Weykamp

| | | |
|---|---|---|
| Melvin Brown | * | IN THE UNITED STATES |
| 3701 Twin Lake Court, Apt. 505 | * | |
| Baltimore, MD 21244 | * | DISTRICT COURT |
| | * | |
| | * | FOR MARYLAND AT |
| Plaintiff | * | |
| | * | BALTIMORE |
| v. | * | |
| | * | |
| Pfizer Inc. | * | |
| 235 East 42nd Street | * | |
| New York, NY 10017 | * | |
| | * | |
| Serve: The Corporation Trust Inc. | * | |
| 300 E. Lombard St. | * | |
| Baltimore, MD 21202 | * | CIVIL ACTION NO.: |
| | * | |
| | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Mr,/Madam Clerk:

Please prepare writ of summons for private process service on the following:

The Corporation Trust Inc.
300 East Lombard St.
Baltimore, Maryland 21202

                                                Respectfully Submitted

                                                _____

                                                Paul A. Weykamp

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Melvin Brown

## DEFENDANTS
Pfizer Inc.

**(b)** County of Residence of First Listed Plaintiff: Baltimore
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New York, NY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul A. Weykamp, 16 Stenersen Lane, Hunt Valley, MD 21030
410-584-0660

Attorneys (If Known)
WDQ 07 CV 3131

2007 NOV 20 P 12:04

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/ Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/ Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity Jurisdiction

Brief description of cause:
Pharmaceutical Products Liability Claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 11/13/2007
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

Mr. Melvin Brown,
                Plaintiff(s)

**S U M M O N S**

vs.

CIVIL ACTION NO. 1:07-cv-03131-WDQ

Pfizer, Inc.
Serve: The Corporation Trust Inc.
      300 Lombard Street, Baltimore, MD 21202

                Defendant

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to serve upon Plaintiff's Attorney, whose address is: Paul A. Weykamp, 16 Stenersen Lane, Suite 2, Hunt Valley, MD 21030, an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

                Sincerely,

                Felicia C. Cannon, Clerk

By: _____
                Deputy Clerk

DATE: 11/20/07

U.S. District Court (12/1999) - Summons

**NOTICE** - This case is subject to electronic filing. Information on electronic filing procedures and how to register to use the electronic filing system can be found at: www.mdd.uscourts.gov

A CERTIFIED TRUE COPY

JAN -3 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

07-3131

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 14 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JAN 10 2008

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 1699

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-91)**

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 1,164 additional actions have been transferred to the Northern District of California. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of California and assigned to Judge Breyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of September 6, 2005, and, with the consent of that court, assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN -3 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By_____
Date 1-7-08    Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

January 3, 2008

Richard W. Wieking, Clerk
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JAN 10 2008

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

Re: MDL No. 1699 -- IN RE: Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

(See Attached CTO-91)

Dear Mr. Wieking:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on December 14, 2007. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Mecca S. Thompson
Docket Specialist

Attachment

cc: Transferee Judge:    Judge Charles R. Breyer
    Transferor Judges:   (See Attached List of Judges)
    Transferor Clerks:   (See Attached List of Clerks)

JPML Form 36

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

U.S. DIST.
DISTRICT OF MARYLAND

January 7th, 2008

JAN 10 2008

Maryland Middle District Court
101 West Lombard Street
Baltimore, MD 21201-2605

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

Re: MDL 05-1699 In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

Title of Case(s)
Melvin Brown v. Pfizer, Inc.

Your Case Number(s)
C.A. No. 1:07-3131

Dear Clerk:

Enclosed is a certified copy of the order from the Judicial panel on Multidistrict Litigation transferring the above entitled action to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

Please forward the **original record** and **a certified copy of the docket entries** in the case listed above along with the enclosed copy of this transmittal letter to:

United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: Simone Voltz

If the case is an electronic case filing please do one of the following: 1) e-mail the PDF documents, as separate PDF files, including a PDF copy of the docket sheet to SFmdl_clerk@cand.uscourts.gov, 2) provide us with a temporary log in and a password to directly access your database and to expedite the downloading of the PDF files we need and/or require, or, 3) if you prefer, on a disc. We appreciate your prompt attention to this matter.

Sincerely yours,
Richard W. Wieking, Clerk

By: Simone Voltz
Deputy Clerk

Encl.

1699, CLOSED, XMDL

# U.S. District Court
# District of Maryland (Baltimore)
# CIVIL DOCKET FOR CASE #: 1:07-cv-03131-WDQ
# Internal Use Only

Brown v. Pfizer, Inc.  
Assigned to: Judge William D Quarles, Jr  
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/20/2007  
Date Terminated: 01/07/2008  
Jury Demand: Plaintiff  
Nature of Suit: 365 Personal Inj. Prod. Liability  
Jurisdiction: Diversity

**Plaintiff**

**Mr. Melvin Brown**   represented by   **Paul A Weykamp**
Law Offices of Paul A Weykamp PA
16 Stenersen Ln Ste 2
Hunt Valley, MD 21030
14105840660
Fax: 14105841005
Email: pweykamp@weykamplaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pfizer, Inc.**

| Date |  |  |
|------|--|--|

| Filed | # | Docket Text |
|---|---|---|
| 11/20/2007 | 1 | COMPLAINT against Pfizer, Inc. (Filing fee $ 350. Receipt # 14637021312), filed by Melvin Brown. (Attachments: # 1 Civil Cover Sheet)(ljs, Deputy Clerk) (Entered: 11/21/2007) |
| 11/20/2007 |  | Jury Trial Demand by Melvin Brown. (ljs, Deputy Clerk) (Entered: 11/21/2007) |
| 11/21/2007 |  | (Court only) ***Set/Clear Flags (ljs, Deputy Clerk) (Entered: 11/21/2007) |
| 11/28/2007 | 2 | Summons Issued 60 days as to Pfizer, Inc.. (ljs, Deputy Clerk) (Entered: 11/28/2007) |
| 01/07/2008 | 3 | ORDERED that this action be administrativel closed while the case is pending in the transferee court. Signed by Judge William D Quarles, Jr on 1/4/08. (slf, Deputy Clerk) (Entered: 01/07/2008) |
| 01/07/2008 |  | (Court only) ***Civil Case Terminated. (slf, Deputy Clerk) (Entered: 01/07/2008) |
| 01/10/2008 | 4 | CERTIFIED CONDITIONAL TRANSFER ORDER. Signed by J. Luthi, Clerk of Panel on 1/3/08. (slf, Deputy Clerk) (Entered: 01/10/2008) |
| 01/10/2008 | 5 | Correspondence from Clerk re: Transfer Order. (slf, Deputy Clerk) (Entered: 01/10/2008) |